UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| Brian Dalton and New England Firearms Academy, Inc., on behalf of themselves and a class of similarly situated persons,<br><br>　　　　Plaintiffs,<br>v.<br><br>Yvonne Hao, in her official capacity as Secretary of Economic Development; Massachusetts Growth Capital Corporation; and Lawrence D. Andrews, in his official capacity as President and CEO of Massachusetts Growth Capital Corporation,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   C.A. No. 1:23-cv-11216 |

**CLASS ACTION COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND NOMINAL DAMAGES**

1.　　Brian Dalton is one of the many small business owners in the Commonwealth of Massachusetts working hard to get past the devastating impact of the COVID-19 pandemic and the ensuing government orders that shuttered the state. The government's response nearly destroyed the business that he painstakingly built for himself and his family. He welcomes the opportunity to get back on track, but the Commonwealth won't give him a fair shot.

2.　　The Commonwealth is denying Mr. Dalton his fair opportunity at recovery because of his race, sex, and sexual orientation. It introduced the Inclusive Recovery Grant Program ("grant program") to assist small businesses in their ongoing recovery with grants of up to $75,000. But despite its name, the program is anything but inclusive. The program allows only certain business owners to apply, including those who are racial minorities, women, or LGBTQ+. Mr. Dalton does not fall into any of these categories and cannot apply for the grant.

1

3. The government's exclusion of Mr. Dalton due to his race, sex, and sexual orientation is unconstitutional. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution forbids the government from discriminating against individuals on such bases. Mr. Dalton brings this lawsuit to allow his small businesses to compete on equal footing for much-needed COVID-19 relief grants and to vindicate his fundamental right to equality before the law.

## JURISDICTION AND VENUE

4. This action arises under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§ 1981 & 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), as Defendants are residents of this judicial district and the Commonwealth of Massachusetts. Venue is also proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred or will occur in this district.

## PARTIES

6. Plaintiff Brian Dalton owns the New England Firearms Academy, Inc. After retiring from a career in law enforcement, Mr. Dalton founded the New England Firearms Academy, where he instructs students of all levels on the safe and proper use of firearms. Mr. Dalton and his family depend in part on the income generated by the New England Firearms Academy for their livelihoods. He is a white, heterosexual male. Mr. Dalton would apply for the Inclusive Recovery Grant Program if his race, sex, and sexual orientation did not exclude him from the program.

7. Plaintiff New England Firearms Academy, Inc. ("Academy") is a for-profit business located in Woburn, Massachusetts, and founded in 2013.

8. Defendant Yvonne Hao is the Secretary of the Commonwealth of Massachusetts's Executive Office of Housing and Economic Development. As Secretary, Ms. Hao serves as chairperson of the Board of Directors for the Massachusetts Growth Capital Corporation, which the law places within the Executive Office of Housing and Economic Development. The Board of Directors exercises the corporate powers of and governs the Massachusetts Growth Capital Corporation. Ms. Hao's authority is provided under the laws of the Commonwealth of Massachusetts. She is sued in her official capacity.

9. Defendant Massachusetts Growth Capital Corporation ("MGCC") is a body politic and corporation established pursuant to Mass. Gen. Laws ch. 40W. The laws of the Commonwealth of Massachusetts constitute it as a public instrumentality. The exercise of MGCC's powers is deemed by law to be an essential governmental function. MGCC administers the Inclusive Recovery Grant Program.

10. Defendant Lawrence D. Andrews is President and Chief Executive Officer of MGCC. As President and CEO, Mr. Andrews is MGCC's chief administrative and operational officer and directs and supervises administrative affairs and the general management of the corporation. He is sued in his official capacity.

11. Defendants Hao, MGCC, and Andrews are collectively referred to as "Defendants."

**FACTUAL ALLEGATIONS**

I.    **Defendants Establish Race- and Sex-Based Eligibility to Apply for the Inclusive Recovery Grant Program**

12.    On November 10, 2022, Massachusetts Governor Charlie Baker signed H.5374, an economic growth and relief bill for the Commonwealth of Massachusetts. Section 1599-6062 of the bill directed MGCC to provide $30 million in grants to small businesses and no less than $45 million to "(1) businesses that focus on reaching underserved markets; (2) minority-owned, women-owned and veteran-owned businesses; and (3) immigrant and first-generation owned businesses." The purpose of this was to support businesses impacted by the Coronavirus pandemic.

13.    On April 4, 2023, in accordance with the economic growth and relief bill, the governor's office and MGCC announced the Commonwealth of Massachusetts's Inclusive Recovery Grant Program. The grant program provides up to $75 million total in funding through grants of between $10,000 and $75,000 "for businesses owned by people of color, women, veterans, immigrants, individuals with disabilities, or those who identify as part of the LGBTQ+ community; businesses that focus on reaching markets predominantly made up of socially and economically disadvantaged and historically underrepresented groups; and other underserved markets."

14.    In a press release announcing the grant program, Massachusetts Lieutenant Governor Kim Driscoll commented that the program funds "will support small business owners that have traditionally struggled to access needed capital and those serving historically underrepresented populations."

4

15. Defendant Andrews heralded the grant program as providing "an accessible and streamlined process for underserved businesses to access the capital that will be instrumental to their growth."

16. Defendant Hao touted the program for helping small business owners, noting that "many of whom are women, people of color, veterans, and immigrants, need[ing] access to capital in order to get their ventures off the ground and expand their footprint in Massachusetts."

17. The Inclusive Recovery Grant Program expressly classifies individuals based on race and sex. A threshold requirement to apply is that an applicant's business must meet at least one of the following criteria:

- Minority-owned;
- Woman-owned;
- Veteran-owned;
- Immigrant-owned;
- First-Generation Immigrant-owned;
- Disability-owned;
- LGBTQ+-owned; or
- Focused on reaching markets predominantly made up of socially and economically disadvantaged and historically underrepresented groups or underserved markets.

A true and correct copy of the grant program guidelines appears at Exhibit A to this Complaint.

18. Applicants could access the grant program applications on the MGCC website and were required to complete and submit applications by April 28, 2023.

19. To filter out applicants who do not meet the eligibility threshold, the online application asked applicants whether their business meets at least one of the following criteria: minority-owned, woman-owned, veteran-owned, immigrant-owned, first-generation immigrant-owned, disabled-owned, LGBTQ+-owned, and/or focused on reaching markets predominantly made up of socially and economically disadvantaged and historically underrepresented groups or underserved markets. If an applicant answered "no," the application would inform them that they

are ineligible, and the remainder of the form would not generate. A screenshot of that portion of the application appears at Exhibit B.

20. If an applicant identifies as one of the categories eligible to apply for the grant program, they must also satisfy several race-neutral criteria that include ownership of a business that is based in and currently operating in Massachusetts; has been negatively impacted by the COVID-19 pandemic; is a for-profit entity owned by individuals; has between two and fifty full-time employees currently, one of which is the owner; had a minimum of $40,000 in operating expenses in 2021; had revenue of $40,000 to $2.5 million in 2021; was established prior to September 30, 2020; and is in good standing currently at local, state, and federal levels.

21. Businesses are ineligible for the grant program if they did not experience a negative impact from the pandemic; are owned by corporations, trusts, LLCs, partnerships, or cooperatives; are owned by minors; are owned by foreign individuals; are chains and franchisees; are businesses engaged in political or lobbying activities; are real estate rental and sales businesses; are cannabis-related businesses; are non-profit organizations, social clubs, or government-owned entities; or are businesses that received an MGCC grant in 2022 or 2023.

22. MGCC aims to release funding decisions for the grant program by June or July of 2023.

23. Male applicants are eligible to apply for the grant program only if they satisfy a separate criterion. Women qualify automatically.

24. White applicants are eligible to apply for the grant program only if they satisfy a separate criterion. Minority applicants qualify automatically.

25. Heterosexual applicants are eligible to apply for the grant program only if they satisfy a separate criterion. LGBTQ+ applicants qualify automatically.

**II.    The Inclusive Recovery Grant Program Excludes Plaintiffs from Applying Based on Race, Sex, and Sexual Orientation**

26.     During the COVID-19 pandemic, the Commonwealth prohibited Mr. Dalton from providing in-person instruction to his students, causing him to lose income while his business expenses persisted. He satisfies all of the grant program's race-neutral eligibility criteria.

27.     Mr. Dalton's business operates in the Commonwealth, is individually owned, has at least two full-time employees, had minimum operating expenses of $40,000 in 2021, made between $40,000 and $2.5 million in 2021, was established and in operation prior to September 30, 2020, and is in good standing. Accordingly, his business does not trigger any of the conditions for ineligibility.

28.     However, Mr. Dalton is not a racial minority, nor a woman, nor identifies as part of the LGBTQ+ community. He is a white, heterosexual male. As such, he is ineligible for a grant.

29.     Mr. Dalton is disadvantaged in comparison to similarly situated business owner applicants who identify as racial minorities, women, or LGBTQ+ individuals.

30.     Mr. Dalton did not apply for the grant program because he is not of the eligible race, sex, or sexual orientation. He would apply for the grant program and is ready and able to do so if he was not excluded because of his race, sex, and sexual orientation.

## CLAIM FOR RELIEF
**(42 U.S.C. § 1983 – Violation of the Equal Protection Clause)**

31.     Plaintiffs incorporate and re-allege each and every allegation contained in the preceding paragraphs of this Complaint.

32.     Plaintiff Academy has been negatively impacted by the COVID-19 pandemic as described above and would be a candidate for relief under the grant program if Plaintiff Dalton

was permitted to apply. Mr. Dalton would in fact apply if his race, sex, or sexual orientation made him eligible to do so.

33. 42 U.S.C. § 1983 provides a private right of action to those aggrieved by constitutional violations undertaken by the state actors under color of law.

34. State actors and their agents, under the color of state law, enforce the Commonwealth of Massachusetts's Inclusive Recovery Grant Program. Defendants authorized, developed, and implemented the grant program's eligibility preferences for businesses owned by racial minorities, women, and LGBTQ+ individuals.

35. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

36. The Commonwealth of Massachusetts's Inclusive Recovery Grant Program's eligibility preference for business owners who are racial minorities is subject to strict scrutiny because it classifies individuals based on their race.

37. Defendants do not have a compelling interest in giving eligibility preferences to minority-owned businesses in applying for grants under the Commonwealth of Massachusetts's Inclusive Recovery Grant Program.

38. The eligibility preferences encompassed in the Commonwealth of Massachusetts's Inclusive Recovery Grant Program for minority-owned businesses are not narrowly tailored to a compelling governmental interest.

39. The Commonwealth of Massachusetts's Inclusive Recovery Grant Program's eligibility preference for business owners who are women and LGBTQ+ individuals is subject to intermediate scrutiny because it classifies individuals based on sex.

40. Defendants do not have an exceedingly persuasive objective for giving eligibility preferences to women-owned and LGBTQ+-owned businesses in applying for grants under the Commonwealth of Massachusetts's Inclusive Recovery Grant Program.

41. The eligibility preferences encompassed in the Commonwealth of Massachusetts's Inclusive Recovery Grant Program for women-owned and LGBTQ+-owned businesses are not substantially related to an exceedingly persuasive objective.

## CLASS ACTION ALLEGATIONS

42. Plaintiffs incorporate and re-allege each and every allegation contained in the preceding paragraphs of this Complaint.

43. Plaintiffs bring this class action under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

44. Plaintiffs seek to represent a class of small businesses and small business owners, which would have been eligible to apply for the Commonwealth of Massachusetts's Inclusive Recovery Grant Program if the businesses were minority-owned, female-owned, or LGBTQ-owned.

45. The number of individuals in this class makes joinder of individual class members impracticable.

46. There are questions of law common to the class, such as whether the Commonwealth of Massachusetts's Inclusive Recovery Grant Program's eligibility preferences for minority-owned, women-owned, and LGBTQ+-owned businesses violate the Equal Protection Clause of the Fourteenth Amendment.

47. Plaintiffs' claim is typical of those of other members of the class. Each of them would benefit from a decision enjoining Defendants and their agents from applying the

Commonwealth of Massachusetts's Inclusive Recovery Grant Program's eligibility preferences for minority-owned, women-owned, and LGBTQ+-owned businesses.

48. Plaintiffs adequately represent the interests of the class and have no interests antagonistic to the absent class members.

49. A class action is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendants act on grounds generally applicable to the class, so that final injunctive and declaratory relief is appropriate for the class as a whole.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

(a) A declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Commonwealth of Massachusetts's Inclusive Recovery Grant Program's eligibility preferences for minority-owned, women-owned, and LGBTQ+-owned businesses is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

(b) A permanent prohibitory injunction enjoining Defendants, their agents, officers, employees, and representatives from implementing or giving any effect to the Commonwealth of Massachusetts's Inclusive Recovery Grant Program's eligibility preferences for minority-owned, women-owned, and LGBTQ+-owned businesses;

(c) An award of attorneys' fees and costs in this action pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988;

(d) An award of nominal damages in the amount of $1.00; and

(e) Such other and further relief as the Court deems just and proper.

DATED: May 31, 2023.

Respectfully submitted,

PACIFIC LEGAL FOUNDATION

By: */s/ Jonathan M. Houghton*
JONATHAN M. HOUGHTON
(BBO 641688)
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
JHoughton@pacificlegal.org

ANDREW R. QUINIO*
JOSHUA P. THOMPSON*
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
AQuinio@pacificlegal.org
JThompson@pacificlegal.org

*Attorneys for Plaintiffs*
**Pro Hac Vice Forthcoming*