UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| Brian Dalton; New England Firearms Academy, Inc.; John Troisi; Big Jack's Auto Service and Towing, on behalf of themselves and a class of similarly situated persons, | ) ) ) ) ) | C.A. No. 1:23-cv-11216-WGY |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Yvonne Hao, in her official capacity as Secretary of Economic Development, Massachusetts Growth Capital Corporation, and Lawrence D. Andrews, in his official capacity as President and CEO of Massachusetts Growth Capital Corporation, | ) ) ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiffs Brian Dalton, New England Firearms Academy, Inc., John Troisi, and Big Jack's Auto Service and Towing, individually and on behalf of a class of similarly situated persons, hereby respectfully move for a temporary restraining order and preliminary injunction on an emergency basis and expedited briefing schedule, to enjoin Defendants Yvonne Hao, in her official capacity as Secretary of the Office of Housing and Economic Development, Massachusetts Growth Capital Corporation ("MGCC"), Lawrence D. Andrews, in his official capacity as president and chief executive officer of MGCC, and their agents from releasing funding decisions and paying out any grants from the Inclusive Recovery Grant Program *unless* Defendants re-open applications, remove the eligibility requirements based on race, sex, and sexual orientation, and selects recipients from a pool of applicants that includes those submitting applications after they are re-opened without

1

consideration of applicants' race, sex, and sexual orientation. Emergency relief is requested because Defendants plan to release funding decisions in June or July.

In support thereof, Plaintiffs refer to the Memorandum in Support of the Motion for Temporary Restraining Order and Preliminary Injunction filed in conjunction with this Motion. In short, the race and sex-based application eligibility requirements of Defendants' Inclusive Recovery Grant Program violate the guarantee of Equal Protection in the United States Constitution because they disadvantage business owners that are not racial minorities, women, or LGBTQ+. Plaintiff business owners is are white, heterosexual males that are ineligible to apply for the grant under the program's eligibility criteria. Defendants' use of these race-, sex-, and sexual orientation-based classifications do not satisfy heightened scrutiny. As such, and as fully set forth in the accompanying Memorandum, the Court should grant the requested temporary restraining order and preliminary injunction because Plaintiffs will likely prevail on the merits of their equal protection claim. Further, Plaintiffs will suffer irreparable harm without an injunction because Defendants will be able to exhaust the grant funds before this matter is decided on the merits. Additionally, the balance of harms weighs in Plaintiffs' favor, and enjoining Defendants from violating the right to equal protection is in the public's interest.

To ensure that all individual business owners have equal opportunity to apply for these much-needed relief funds regardless of their race, sex, and sexual orientation, the Court should grant the requested temporary restraining order and preliminary injunction.

## **REQUEST FOR ORAL ARGUMENT**

Plaintiffs hereby respectfully request a hearing on this motion under Local Rule 7.1(d). Given that Plaintiffs are requesting emergency and expedited relief, Plaintiffs are amenable to appearing for the hearing telephonically.

**CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1(A)(2)**

Undersigned counsel certifies that counsel for Plaintiffs met and conferred in good faith with counsel believed to represent Defendants to resolve or narrow the issue.

DATED: June 8, 2023.

                                              Respectfully submitted,

                                              PACIFIC LEGAL FOUNDATION

                                              By: */s/ Jonathan M. Houghton*
                                              JONATHAN M. HOUGHTON
                                              (BBO 641688)
                                              3100 Clarendon Blvd., Suite 1000
                                              Arlington, VA 22201
                                              Telephone: (202) 888-6881
                                              JHoughton@pacificlegal.org

                                              ANDREW R. QUINIO*
                                              JOSHUA P. THOMPSON*
                                              555 Capitol Mall, Suite 1290
                                              Sacramento, California 95814
                                              Telephone: (916) 419-7111
                                              AQuinio@pacificlegal.org
                                              JThompson@pacificlegal.org

                                              *Attorneys for Plaintiffs*
                                              **Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Jonathan M. Houghton, hereby certify that on June 8, 2023, I caused the foregoing Motion to be electronically filed with the Clerk of Court, using the CM/ECF system. The foregoing Motion was served by U.S. Mail on the following persons:

Yvonne Hao, Secretary of Economic Development
Executive Office of Economic Development
1 Ashburton Place, Room 2101, Boston, MA 02108

Massachusetts Growth Capital Corporation
Schrafft's City Center
529 Main Street, Suite 201
Charlestown, MA 02129

Lawrence D. Andrews, Pres. and CEO, Massachusetts Growth Capital Corporation
529 Main Street, Suite 201
Charlestown, MA 02129

Office of Attorney General
Andrea Joy Campbell
One Ashburton Place
Boston, MA  02108

>*/s/ JONATHAN M. HOUGHTON*
>JONATHAN M. HOUGHTON
>(BBO 641688)