## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| Brian Dalton; New England Firearms Academy, Inc.; John Troisi; Big Jack's Auto Service and Towing, on behalf of themselves and a class of similarly situated persons, ) ) ) ) ) ) Plaintiffs, ) v. ) ) Yvonne Hao, in her official capacity as Secretary of Economic Development, Massachusetts Growth Capital Corporation, and Lawrence D. Andrews, in his official capacity as President and CEO of Massachusetts Growth Capital Corporation, ) ) ) ) ) ) ) ) Defendants. ) | C.A. No. 1:23-cv-11216-WGY |

## PLAINTIFFS' OPPOSITION TO BLACK ECONOMIC COUNCIL OF MASSACHUSETTS AND AMPLIFY LATINX'S MOTION TO INTERVENE

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................... 1

ARGUMENT ....................................................................................................................... 3

   I.   THE PROPOSED INTERVENORS ARE NOT ENTITLED TO
       INTERVENTION AS OF RIGHT ........................................................................ 3

       A.   Proposed Intervenors Lack a Direct and Protectable Interest ..................... 3

       B.   This Action Does Not Impair or Impede Proposed Intervenors'
           Remaining Interest ....................................................................................... 5

       C.   Defendants Will Adequately Protect the Proposed Intervenors' Interest ..... 6

   II.   PERMISSIVE INTERVENTION IS NOT APPROPRIATE ............................... 8

CONCLUSION .................................................................................................................... 9

CERTIFICATE OF SERVICE ........................................................................................... 10

## TABLE OF AUTHORITIES

### Cases

*B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*,
  440 F.3d 541 (1st Cir. 2006) .................................................................................................. 6

*Conservation L. Found. of New England, Inc. v. Mosbacher*,
  966 F.2d 39 (1st Cir. 1992) ..................................................................................................... 7

*Daggett v. Comm'n on Governmental Ethics & Election Pracs.*,
  172 F.3d 104 (1st Cir. 1999) ................................................................................................... 4

*Edisync Sys., Inc. v. Centra Software, Inc.*,
  No. 03-cv-1587, 2006 WL 1980633 (D. Colo. July 13, 2006) ................................................ 2

*Massachusetts Food Ass'n v. Sullivan*,
  184 F.R.D. 217 (D. Mass. 1999) .......................................................................................... 7–8

*McDonough v. City of Portland*,
  No. 2:15-cv-00153, 2015 WL 3755289 (D. Me. June 16, 2015) ............................................ 7

*Moosehead Sanitary Dist. v. S. G. Phillips Corp.*,
  610 F.2d 49 (1st Cir. 1979) ................................................................................................. 4, 6

*Mullane v. Portfolio Media, Inc.*,
  No. CV 19-11496-PBS, 2020 WL 1931525 (D. Mass. Feb. 28, 2020) ................................... 8

*Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of
  Jacksonville, Fla.*,
  508 U.S. 656 (1993) ................................................................................................................ 6

*Pub. Serv. Co. of N.H. v. Patch*,
  136 F.3d 197 (1st Cir. 1998) ............................................................................................... 3, 6

*Resolution Trust Corp. v. City of Boston*,
  150 F.R.D. 449 (D. Mass. 1993) ............................................................................................. 7

*Sec. & Exch. Comm'n v. LBRY, Inc.*,
  26 F.4th 96 (1st Cir. 2022) ...................................................................................................... 7

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
  308 F.R.D. 39 (D. Mass. 2015) ............................................................................................ 3–6

*Travelers Indem. Co. v. Dingwell*,
  884 F.2d 629 (1st Cir. 1989) ................................................................................................ 3–4

*Tutein v. Daley*,
  43 F. Supp. 2d 113 (D. Mass. 1999) ....................................................................................... 8

*Ungar v. Arafat*,
    634 F.3d 46 (1st Cir. 2011) ................................................................................................3

## Rules

Fed. R. Civ. P. 24(a)(2) ..................................................................................................................3

Fed. R. Civ. P. 24(b)(1)(B) ............................................................................................................8

Fed. R. Civ. P. 24(b)(3) ..................................................................................................................8

## INTRODUCTION

Brian Dalton and John Troisi are small business owners that seek the equal right to apply for a state COVID-19 relief grant program for their businesses without consideration of their race, sex, or sexual orientation. The Black Economic Council of Massachusetts (BECMA) and Amplify Latinx are non-profit organizations that seek to preserve the grant program's race-based eligibility criteria preferences. The named Defendants, a government entity and representatives that implement the grant program, seek the same outcome as BECMA and Amplify Latinx.

BECMA and Amplify Latinx (Proposed Intervenors) do not satisfy the requirements for intervention as of right. They do not claim that any of their members applied for the grant program. The interest they have in maintaining race-based eligibility criteria is not a protectable right, and the elimination of such criteria will not impair their ability to advocate for their constituents' economic advancement. Their interests are plainly congruent with the named Defendants, who can adequately represent those interests.

Permissive intervention would also serve no purpose and provide no additional value to this case since BECMA and Amplify Latinx share the Defendants' goals. And adding them would inevitably delay this case.

Consequently, the Court should deny the Proposed Intervenors' motion to intervene.

## FACTUAL BACKGROUND

The Inclusive Recovery Grant Program offers $75 million in grants funded by the Commonwealth of Massachusetts to support businesses impacted by COVID-19. Dkt. 5-1, Ex. A. It is administered by the Massachusetts Growth Capital Corporation (MGCC). Small businesses that meet the eligibility criteria can individually receive between $10,000 and $75,000 in funds.

1

*Id.* at 4. Eligibility to receive the grant is restricted on the basis of race, sex, sexual orientation, and other classifications. *Id*. at 2.

Plaintiffs Brian Dalton and John Troisi are white heterosexual males challenging the grant program's eligibility preferences that advantage applicants based on race, sex, and sexual orientation Dkt. 5. They brought suit to enjoin the grant program's eligibility preferences for minority-owned, women-owned, and LGBTQ+-owned businesses. Dkt. 1 and 5. Plaintiffs also moved for a temporary restraining order/preliminary injunction and class certification. Dkt. 15.

On June 16, 2023, the parties stipulated and moved to stay the proceedings in light of Defendant Hao's office's intent to conduct a review of the criteria for applying for and receiving a grant under the program. Dkt. 22. Defendants do not intend to release funding decisions or disburse grant funds until September 1, 2023, at the earliest. *Id*. Under the stipulation, Defendants will not release funding decisions or pay out grants under the program during the stay. *Id*. Additionally, Defendants will notify Plaintiffs of funding decisions and eligibility criteria in advance and will not disburse grant funds until after the Court decides Plaintiffs' renewed motion for a temporary restraining order/preliminary injunction. *Id*. The Court granted the stipulation and motion to stay, administratively closing the case for 60 days. Dkt. 25. The parties may move to re-open the case on or after August 21, 2023, following the completion of the 60-day stay and closure.[1] *Id*.

---

[1] Intervenors' motion should be dismissed given that this matter is stayed, *see, e.g.*, *Edisync Sys., Inc. v. Centra Software, Inc.*, No. 03-cv-1587, 2006 WL 1980633, at *1 (D. Colo. July 13, 2006) (Motion for Summary Judgment denied without prejudice because the action was stayed). Even if the motion is not dismissed based on the status of this case, the Court should deny intervention for the reasons stated herein.

# ARGUMENT

## I. THE PROPOSED INTERVENORS ARE NOT ENTITLED TO INTERVENTION AS OF RIGHT

To intervene as of right under Rule 24(a)(2),

> a would-be intervenor must demonstrate that: (i) its motion is timely; (ii) it has an interest relating to the property or transaction that forms the foundation of the ongoing action; (iii) the disposition of the action threatens to impair or impede its ability to protect this interest; and (iv) no existing party adequately represents its interest.

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 45 (D. Mass. 2015) (citing *Ungar v. Arafat*, 634 F.3d 46, 50 (1st Cir. 2011)). Proposed Intervenors must satisfy each of these requirements and failure to satisfy any one of them defeats intervention as of right. *Ungar*, 634 F.3d at 51. The "inherent imprecision of Rule 24(a)(2)'s individual elements dictates that they 'be read not discretely, but together,' and always in keeping with a commonsense view of the overall litigation." *Pub. Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 204 (1st Cir. 1998) (citation omitted). Further, deciding whether each of these requirements has been met "requires a series of judgment calls—a balancing of factors that arise in highly idiosyncratic factual settings." *Ungar*, 634 F.3d at 51.

Proposed Intervenors fail to satisfy three of the requirements here, as they do not have a direct and protectable interest in the property or transaction in this matter, the disposition of this matter does not threaten their purported interests, and Defendants adequately represent their interests.

### A. Proposed Intervenors Lack a Direct and Protectable Interest

The interest of the Proposed Intervenors must at a bare minimum be a "significantly protectable interest" that is "direct, not contingent," *Patch*, 136 F.3d at 205 (citations omitted), and bears "a 'sufficiently close relationship' to the dispute between the original litigants," *Travelers*

3

*Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir. 1989) (quoting *Moosehead Sanitary Dist. v. S. G. Phillips Corp.*, 610 F.2d 49, 52–53 (1st Cir. 1979)) BECMA and Amplify Latinx's interest does not meet that standard.

BECMA and Amplify Latinx have only a broad interest in this action which generally stems from the assistance they provide to their constituents in accessing opportunities for economic advancement. But neither group asserts that any of their members or those they assist have submitted applications for the grant program or have applications pending. Dkt. 33-1 and 33-2 (Declarations of Nicol Obi (Obi Decl.) and Eneida Roman (Roman Decl.)). While their constituents may be automatically eligible to apply for the grant based on their race, there is no indication that any have actually applied. *Id*. There is nothing that distinguishes the Proposed Intervenors from any other advocacy group whose beneficiaries may potentially be affected by the grant program's racial eligibility preferences.

The Proposed Intervenors are comparable to the future Harvard applicants in *Students for Fair Admissions*, 308 F.R.D. at 47, that sought to intervene in defense of the use of race in the university's admissions policy. The future applicants expressed an intent to apply to Harvard but did not have applications pending yet. This Court determined that they lacked a direct and protectable interest to permit intervention since they were indistinguishable from other minority students that Harvard's admissions policy could impact. Like those applicants, the constituents of BECMA and Amplify Latinx do not "'belong to a small group, quite distinct from the ordinary run of citizens,' who would be affected directly by the outcome of the case." *Id*. (quoting *Daggett v. Comm'n on Governmental Ethics & Election Pracs.*, 172 F.3d 104, 110 (1st Cir. 1999)) Indeed, neither BECMA nor Amplify Latinx claims to represent confirmed applicants or recipients of the Inclusive Recovery Grant Program. BECMA claims a broad swath of members comprised of

business owners, students, and professionals, Dkt. 33-1 (Obi Decl. ¶ 4), while Amplify Latinx has a network of businesses rather than members, Dkt. 33-2 (Roman Decl. ¶ 3), and both provide a wide array of assistance to their beneficiaries that may be eligible to apply for the grant program, Dkt. 33-1 (Obi Decl. ¶¶ 5–7) and Dkt. 33-2 (Roman Decl. ¶¶ 2–7). Their interests are simply "too general and too contingent," *Students for Fair Admissions*, 308 F.R.D. at 47, to allow them to intervene.

### B. This Action Does Not Impair or Impede Proposed Intervenors' Remaining Interest

BECMA and Amplify Latinx's remaining interest in generally advocating for its constituents will be unhindered even if the grant program's racial eligibility preferences are enjoined. Since the Proposed Intervenors do not have a direct or protectable interest in the continuation of racial preferences, they reframe the risk to their interest from an unfavorable outcome as one that takes focus away from minority-owned businesses and their equitable access to grant funding. Dkt. 33 at 13. But this is nothing more than a confusion of the race-neutral criteria that Plaintiffs seek, and a softening of the unlawful race-focused criteria that the Proposed Intervenors demand. If Plaintiffs prevail, the grant program will not exclude any individuals based on race, sex, or sexual orientation from applying, including BECMA and Amplify Latinx's constituents. The program will expand the pool of potentially eligible applicants, not restrict it. Plaintiffs are undoubtedly not asking that minority-owned businesses, such as the ones that the Proposed Intervenors advocate, be excluded from the ability to apply for a grant. They are asking instead that the grant program provide no applicant—no matter their race, sex, or sexual orientation—an advantage over others based on prohibited criteria. Refraining from preferential treatment for a business is not tantamount to excluding it, so BECMA and Amplify Latinx's efforts

to "assist[] its member communit[y] with resource identification," Dkt. 33-1 (Obi Decl. ¶ 7), or "provide[] technical assistance, education and information on contracting," Dkt. 33-2 (Roman Decl. ¶ 3), will not be futile.

Proposed Intervenors' beneficiaries risk "maintaining healthy finances, gaining access to capital," Dkt. 33-2 (Roman Decl. ¶ 5), or depletion of capital advancement, Dkt. 33-1 (Obi Decl. ¶ 13); Dkt. 33-2 (Roman Decl. ¶ 13). In other words, what they face is not inevitable demise, but competition with other businesses on an equal footing. This speculative inability to ultimately obtain a benefit given on unequal terms is not a protected interest. *See Students for Fair Admissions*, 308 F.R.D. at 48 (citing *Ne. Florida Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993) ("[T]he 'injury in fact' in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.").

### C. Defendants Will Adequately Protect the Proposed Intervenors' Interest

Defendants' interests do not differ from Proposed Intervenors' interests. Proposed Defendants are governmental actors, so the Proposed Intervenors have a burden of persuasion that is "ratcheted upward." *Patch*, 136 F.3d at 207. They must produce some tangible basis to support a claim of Defendants' purported inadequacy beyond speculation. *See Moosehead Sanitary Dist.*, 610 F.2d at 54 (1st Cir. 1979). They cannot meet this burden.

Since the Defendants' stated goals align with those of Proposed Intervenors', the Court must presume that Defendants adequately represent them. *B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*, 440 F.3d 541, 546 (1st Cir. 2006) ("[I]n cases where the intervenor's ultimate objective matches that of the named party, a rebuttable presumption of adequate representation applies.").

The goals of Defendants and the Proposed Intervenors are the same: to defend the constitutionality of the grant program.

Given the congruence of goals, the circumstances here are unlike *McDonough v. City of Portland*, No. 2:15-cv-00153, 2015 WL 3755289, at *3 (D. Me. June 16, 2015). There, the defendant city had "a materially different stake in the outcome of this case." *Id*. No such difference exists here, as the Defendants' interests align with BECMA and Amplify Latinx.[2]

The Proposed Intervenors' concern about the joint stipulation to stay this matter is unavailing. The choice of Defendants to stay this matter is a litigation strategy that the Proposed Intervenors merely disagree with, which is not a sufficient indication of inadequate representation. *Sec. & Exch. Comm'n v. LBRY, Inc.*, 26 F.4th 96, 99–100 (1st Cir. 2022) ("Nor does a difference in litigation tactics support a finding of inadequate representation."). Defendants expressed an intent to review the challenged criteria, not abandon the grant program entirely. It is a much different circumstance than *Conservation L. Found. of New England, Inc. v. Mosbacher*, 966 F.2d 39, 44 (1st Cir. 1992). There, intervention of a public interest group was deemed proper after defendant Secretary of Commerce accepted a consent decree that provided virtually all the relief that plaintiffs sought. *Id*. The parties here have not entered into any consent decree or settlement agreements. Disagreement and speculation about the early pause of this matter cannot overcome the presumption of Defendants' adequate representation.

---

[2] And even if Defendants appear unable to protect the economic interests of the Proposed Intervenors' constituents as suggested, this potential divergence is generally insufficient to overcome the presumption of adequate representation. *Massachusetts Food Ass'n v. Sullivan*, 184 F.R.D. 217, 223 (D. Mass. 1999) (noting that, "First Circuit precedent ... suggests that this potential divergence of interests by itself is insufficient to overcome the dual presumptions ... present in this case"); *see also Resolution Trust Corp. v. City of Boston*, 150 F.R.D. 449, 454 (D. Mass. 1993) ("[A]ccording to the First Circuit, an individual has not demonstrated that the current governmental party's representation of her interest may be inadequate simply by virtue of the potential divergence between government and private interests.").

## II.    PERMISSIVE INTERVENTION IS NOT APPROPRIATE

The court in its discretion may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." *Tutein v. Daley*, 43 F. Supp. 2d 113, 130 (D. Mass. 1999) (citing Fed. R. Civ. P. 24(b)(1)(B)). Additionally, "[i]n exercising its discretion" to permit intervention, a district court must "consider whether the intervention will unduly delay ... the adjudication." *Id*. (quoting Fed. R. Civ. P. 24(b)(3)).

Permissive intervention is not warranted here. To begin with, since Defendants provide adequate representation, permissive intervention is not justified. In addition, "[a]dequate representation weighs against permissive intervention." *Mullane v. Portfolio Media, Inc*., No. CV 19-11496-PBS, 2020 WL 1931525, at *7 (D. Mass. Feb. 28, 2020); *see also Tutein*, 43 F. Supp. 2d at 131 ("Where, as here, intervention as of right is decided based on the government's adequate representation, the case for permissive intervention diminishes or disappears entirely."). In such cases where the defendants' representation is adequate, proposed intervenors are better suited to participate as amici curiae. *See Massachusetts Food Ass'n*, 197 F.3d at 568 (noting that amici curiae can advise the court of missing arguments).

Intervention also has the potential to delay the final disposition of the case, distract from the primary issues in dispute between the original parties, and add to what could be a significant discovery burden should the case proceed past the pleading stage. This Court recognizes that an additional party "inevitably increase[s] the demands of case management for the court." *See Massachusetts Food Ass'n v. Sullivan*, 184 F.R.D. 217, 224–25 (D. Mass. 1999). These added complexities would bring little corresponding benefit for the existing parties. The Court should therefore exercise its discretion to deny the Proposed Intervenors' request for permissive intervention.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court to deny Proposed Intervenors' motion for leave to intervene.

DATED: August 8, 2023.

Respectfully submitted,

PACIFIC LEGAL FOUNDATION

By: */s/ Jonathan M. Houghton*
JONATHAN M. HOUGHTON
(BBO 641688)
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
JHoughton@pacificlegal.org

ANDREW R. QUINIO*
JOSHUA P. THOMPSON*
555 Capitol Mall, Suite 1290
Sacramento, California 95814
Telephone: (916) 419-7111
AQuinio@pacificlegal.org
JThompson@pacificlegal.org

*Attorneys for Plaintiffs*
**Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Jonathan M. Houghton, hereby certify that on August 8, 2023, I caused the foregoing Opposition to be electronically filed with the Clerk of Court, using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

/s/ *JONATHAN M. HOUGHTON*
JONATHAN M. HOUGHTON
(BBO 641688)
Pacific Legal Foundation